**In the matter of the Estate of Julia A. Bennett, Deceased,**

**Samuel H. Bennett, Appellant.**

1. MORTGAGES—*when assignment treated as security.* If a debtor assign his interest in an estate, receiving contemporaneously from the creditor a right to re-purchase such interest, the two instruments are to be construed together, and in the absence of evidence clearly establishing that it was intended by the parties as a contract of re-purchase whereby the indebtedness was extinguished, it must be treated as a mortgage.

2. ADMINISTRATION OF ESTATES—*what within jurisdiction of Probate Court.* The Probate Court has jurisdiction to determine to whom a fund in the hands of an administrator shall be paid if all parties to the controversy over the fund are before the court.

Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

MABIN & MORRIS, for appellant.

LINDLEY, PENWELL & LINDLEY, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by Samuel H. Bennett from an order of the County Court of Vermilion county, sustaining exceptions to his final report as administrator of the estate of Julia A. Bennett, deceased. The controversy arises from the following facts: On February 20, 1907, Samuel Bennett was acting as conservator of the estate of his mother Julia A. Bennett. On that day William Bennett, his brother, executed to him an assignment of his prospective interest in his mother's estate. Contemporaneously therewith Samuel executed and delivered to William a writing reciting in substance that said assignment was made in consideration of the fact that the said William Bennett was indebted to him at the time of making the same in the sum of $1,503, and that the assignment was made for the purpose of securing payment of such indebtedness with six per cent interest from February 20, 1907, and that if said William should pay to him said sum and interest before the death of said Julia A. Bennett or within six months after her death, he would transfer to him his said interest in the estate of said Julia A. Bennett.

Julia A. Bennett died May 20, 1908, leaving Samuel, William, and a daughter, Laura Oakwood, as her only heirs. Samuel by virtue of his conservatorship proceeded to administer her estate. After the execution of the foregoing assignment to him by William he had, as conservator, converted her entire estate into notes secured by mortgage, amounting to $8,952.26, and at the time of her death had securities for approximately that amount in his hands, there being practically no indebtedness existing against her. After the death of his mother, William executed and delivered to one M. B. Bailey a writing by which, after

reciting, in substance, that there was due from him to said Bailey the sum of $1,000 or more, that there was then due to him from the estate of his mother a sum of money, that he had theretofore executed the aforesaid assignment to Samuel Bennett to secure the payment of $1,503, that said Samuel had withheld a larger sum than was due him under said assignment and had refused to pay him the balance due; he assigned to said Bailey any sum which might be decreed to be due to him from said Samuel, all his rights in the estate of said Julia A. Bennett, and any claim he might have against said Samuel personally or as conservator or administrator of said estate of Julia A. Bennett.

In February, 1909, Laura Oakwood procured an order to be entered by the Probate Court directing the administrator to pay to each of the heirs the sum of $2,000 on account of their distributive shares. In reporting distribution under such order said administrator reported that the share of William had been assigned to him, whereby the moneys payable to William had become the property of him, the said administrator. Said report was approved by the court on February 27, 1909. On February 16, 1910, he filed in the Probate Court what he termed his final report as administrator, again taking credit for said former distribution, which report was ordered approved. Notice of final settlement to be made on November 14, 1909, was afterward given to the heirs and parties in interest, whereupon William Bennett and said Bailey filed objections to all previous reports of said administrator, prayed that the orders approving the same be vacated, and that upon final settlement said administrator be ordered to deduct from the distributive share of William in said estate the amount due to him, Samuel, to then pay to Bailey the balance up to $1,000 and if there remained any balance after making such payments, that he pay the same to William. The Probate Court sustained said objections

and entered an order in accordance with the prayer of said petition. Upon an appeal to the Circuit Court a similar order was entered, whereupon Samuel Bennett, individually and as administrator, prosecuted this appeal. He contends that the legal effect of the instrument executed by him to William was to give him a right to re-purchase only, and that William having failed to execute such right within the time prescribed by the instrument, the transfer should be regarded as absolute, while appellees insist that the two instruments when construed together, as they properly should be, constitute a mortgage only.

We are of opinion that the two instruments should be construed together and that in the absence of evidence clearly establishing that it was intended by the parties as a contract of re-purchase whereby the indebtedness was extinguished, it must be treated as a mortgage. Keithley v. Wood, 151 Ill. 566; Darst v. Murphy, 119 Ill. 343; Jeffery v. Robbins, 167 Ill. 375. Such mortgage not having been foreclosed according to law, either by sale after notice or by foreclosure in equity, the mortgagor and Bailey, his junior lienor or encumbrancer, had the unquestioned right to redeem within the statute of limitations, and such right could be asserted in any court having equitable jurisdiction, and that Samuel Bennett being in possession of the property without having foreclosed the right of William to redeem may properly be regarded in equity as holding the same in trust for William, and as trustee liable to account for the value of the same over and above the amount due to him from William.

We are further of opinion that the Probate Court had jurisdiction to determine and adjust the equities of the parties in and to the funds.

The fund in question was in the hands of the administrator, subject to the order of the Probate Court; all parties in interest were present. The Probate Court thus had jurisdiction of both the subject-matter and the parties. It would seem that upon reason and

principle, such court, possessing as it did, full equitable powers in the administration of the estates of deceased persons, had jurisdiction to adjust the equitable rights of the parties to such fund.

The judgment of the Circuit Court is affirmed.

*Affirmed.*