The People of the State of Illinois, for use of Herschel
M. Byall, Administrator, Appellant, v. Anna .M.
Rigdon and Federal Union Surety Company, Ap-
pellees.

Gen. No. 22,673.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WIL-
LIAM FENIMORE COOPER, Judge, presiding. Heard in this court at
the October term, 1916. Affirmed. Opinion filed March 12, 1917.

## Statement of the Case.

Action by the People of the State of Illinois for use
of Herschel M. Byall, administrator of the estate of
Amy Young, deceased, plaintiff, against Anna M. Rig-
don and Federal Union Surety Company, defendants,
to recover on an administrator's bond. From a judg-
ment for defendants, on demurrer to amended declara-
tion, the plaintiff appeals.

The amended declaration alleged the ·appointment
of the defendant Anna M. Rigdon as administratrix of
the estate of Charles W. Rigdon, deceased, by the Pro-
bate Court of Cook county, and the execution of her
bond as administratrix in the sum of $15,000, with the
defendant Federal Union Surety Company, as surety,
conditioned upon her well and truly administering the
goods, etc., of the deceased and distributing the same
to the persons and parties entitled thereto; that the
deceased left surviving as his sole heirs said Anna M.
Rigdon and Jay A. Rigdon; that inventory was filed
and approved; that said Jay A. Rigdon assigned his
interest in the estate for a valuable consideration to
Amy Young, plaintiff's intestate; that notice of such
assignment was given to said Anna M. Rigdon and
spread of record in said court; that thereafter said
Anna M. Rigdon filed her final account as such admin-

istratrix, showing that she had in her hands the distributive share of said Jay A. Rigdon, amounting to $20,000, to which but for such assignment he would be entitled; that the Probate Court thereupon entered an order directing the distribution of the estate to the parties entitled thereto and subsequently another order directing said Anna M. Rigdon as administratrix to deliver to said Jay A. Rigdon all the property and assets then in her hands belonging to him as heir of the deceased; and that said administratrix had failed and refused to deliver said distributive share to said Amy Young; that plaintiff had been appointed administratrix of the estate of said Amy Young, deceased.

ALDEN, LATHAM & YOUNG, for appellant; T. A. SHEEHAN, o.° counsel.

DAVII O. DUNBAR, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. COURTS, § 56*—*how jurisdiction of subject-matter may not be given.* Jurisdiction of a subject-matter of an action cannot be given to a court by consent of the parties.

2. COURTS, § 104*—*what is power of Probate Court as to determination of rights and interests of assignee of heir's distributive share.* The Probate Court has, as incidental to its jurisdiction to settle and distribute the assets of a decedent, the power to determine the rights and interests of an assignee of an heir of the decedent of such heir's distributive share in the estate.

3. EXECUTORS AND ADMINISTRATORS, § 582*—*when action on bond by assignee of heir's distributive share does not lie.* No action will lie upon an administrator's bond by the assignee of the decedent's heir of the latter's distributive share in the estate to recover the amount of such share paid to the heir by order of the Probate Court administering the estate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.