In re Estate of Edwina D. Kinsey, Deceased.
Carl D. Kinsey, Administrator of the Estate of Edwina
D. Kinsey, Deceased, and Individually, Appellant,
v. Letitia Vance Bushman, Appellee.

Gen. No. 34,677.

Opinion filed May 13, 1931.

SCHEIN & BECKWITH and CHARLES S. CUTTING, for appellant; GEORGE L. SCHEIN, CHARLES S. CUTTING and JOSEPH M. COHEN, of counsel.

HELMER, MOULTON, WHITMAN & HOLTON, for appellee; CHARLES R. HOLTON and ARTHUR E. BOROUGH, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

This is an appeal by Carl D. Kinsey, individually and as administrator, from a decree of the circuit court, directing Carl D. Kinsey, as administrator of the estate of Edwina D. Kinsey, deceased, to file a second amended final account in said estate pursuant to the account as restated in the circuit court. The cause was tried in the circuit court *de novo* on appeal from a finding and order of the probate court of Cook county.

The record in the probate court discloses that on February 7, 1924, at the request of Carl D. Kinsey, Letitia Vance Bushman, his stepdaughter, filed her petition in the probate court asking that the last will and testament of Edwina D. Kinsey, her mother, be admitted to probate and that letters issue to Carl D. Kinsey, as administrator. It further appears from the probate court record that on February 11, 1924, the will was admitted to probate and the said Kinsey duly appointed administrator thereunder. May 5, 1927, there was on file in the probate court a final account of Carl D. Kinsey, administrator, in the estate involved in this proceeding, by which it appeared that a dis-

tribution was shown to have been made to Carl D. Kinsey, pursuant to certain assignments executed by petitioner Letitia Vance Bushman of all the moneys on hand, subject to claims, and to two-thirds of the balance of money on hand not subject to claims and which belonged to the petitioner. The records of the probate court show that said final account was approved on June 4, 1925, and the administrator discharged "unless cited by some party in interest." No notice appears to have been given to Letitia Vance Bushman, the petitioner, of the application for the approval of the administrator's account.

May 5, 1927, petitioner Letitia Vance Bushman filed her petition in the probate court, asking to have said order of discharge set aside and for leave to object to the final account and for a rule on the administrator to pay her her distributive share of the estate. An order was entered in that court directing the administrator to answer the petition and, on May 5, 1928, an order was entered in the probate court vacating the order of June 4, 1925, approving said final account and discharging the administrator and, at the same time, the administrator was directed to file his amended final account in said proceeding. May 14, 1928, the administrator filed his amended final report, together with an account of the receipts and disbursements, to which petitioner filed exceptions.

The cause was heard in the probate court November 27, 1928, and an order entered on the administrator to inventory certain additional assets which the court found belonged to the estate. This the administrator refused to do and prayed an appeal from the order of the probate court, to the circuit court. No appeal appears to have been taken by the said Carl D. Kinsey, individually, to the circuit court, but only as administrator.

The probate court found that the administrator had on hand certain assets belonging to the estate and restated the account. Under this restatement, it was found that the administrator owed the estate: (1) cash on hand belonging to the deceased Edwina D. Kinsey at the time of her ·death $4,974.31; (2) the proceeds of a certain note amounting to $3,000; (3) interest on said note amounting to $450; (4) the proceeds of a certificate evidencing the ownership of 20 shares of Middle State Oil Corporation; and (5) cash receipts in settlement of right of action for the wrongful death of the deceased, Edwina D. Kinsey. The administrator was allowed under said restatement of the account $8,073.07, covering funeral expenses, attorneys' fees and dental bill charged against the petitioner and $5,000 as attorneys' fees in effecting a settlement of the right of action arising out of the .death of the deceased, Edwina D. Kinsey.

The administrator Kinsey claimed these particular assets, so restated by the probate court,· as his own under two assignments executed by the petitioner, Letitia Vance Bushman on March 6, 1924 and on April 6, 1925. The probate court found that these assignments had been procured as the result of misrepresentations on the part of Kinsey, the administrator, and his attorney and agent, George L. Schein and others, agents of the administrator and that they were not binding upon Letitia Vance Bushman and should be disregarded in the settlement of the estate.

The cause in the circuit court was tried by the court without a jury and the decree entered found that the assignments in question were made by Letitia Vance Bushman as the result of representations made to her and, that as there was no consideration for said assignments, or either of them, that the same were unjust and unfair to the petitioner, Letitia Vance Bushman,

and because of the fiduciary relationship existing between herself and the said Carl D. Kinsey, they should be set aside and disregarded. The circuit court proceeded to restate the account and approved the restatement of the account as rendered in the probate court with the exception of certain items which appear as numbers 19½ to 24 inclusive in the account as found by the circuit court. These were items allowed to the administrator in addition to those allowed by the probate court and will be considered later on in this opinion.

A brief statement of the facts shows that the deceased, Edwina D. Kinsey, prior to her marriage with Carl D. Kinsey, the administrator in this proceeding, was married to one Sidney L. Vance and that, as a result of the first marriage, the petitioner Letitia Vance was born September 27, 1903. Petitioner married after the death of her mother and after the probating of the will to Bushman, so that the name of the petitioner appears throughout the proceeding as Letitia Vance Bushman. Petitioner's marriage was also after the execution of the two assignments in question. The administrator Kinsey was her stepfather. From the testimony it appears that she weighed under 100 pounds and was slight and frail; that she lived with her mother and stepfather Carl D. Kinsey from about 1914 until the time she married Bushman and it appears from the evidence that she was treated as a daughter should be before the happening of the events leading up to this litigation. On or about December 9, 1923, her stepfather and mother were in an accident, as a result of which the mother was killed and the stepfather badly injured. A suit was brought against the New York Central R. R. Co. because of the accident which resulted in a settlement for $20,000, out of which $5,000 was paid as attorney's fees. After the accident

the petitioner found the will of her mother dated July 16, 1923. By this will all of the household goods, automobile, jewelry, real estate, money and properties of any kind belonging to the deceased were left to the petitioner. This is the will that was probated under which Kinsey, as administrator, was appointed. Very shortly after the will was probated, the administrator Kinsey, as well as his agent and attorney, began talking to the petitioner in regard to making an assignment of all her rights and interest in the estate, to her stepfather. These conversations extended over a period of time and appear to have been insistent. Petitioner had no other home and had no place where she could live other than in the home of her stepfather, the administrator in this proceeding. The excuse of the administrator appears to be that he was afraid she would spend her money if she received it from the estate, and that he was in a better position to care for her if he had control of her estate individually and not as administrator. The first assignment given purported to be given in consideration of the shelter and support which he would give to her in the future, and conveyed all her interest under the will. The second assignment dealt particularly with her interest in the claim against the railroad company growing out of her mother's death. The decision as to the extent or amount of the support and shelter, contained in the first assignment, appears to have been solely dependent upon the will of Kinsey. The probate court found that these statements of the administrator and his agents amounted to misrepresentations. The circuit court found that by reason of the fiduciary relationship existing between the parties, the assignments should be considered unavailing to the administrator.

From our examination of the testimony in the proceeding, we are of the opinion that there is ample evi-

dence showing that the relationship existing between the administrator and the petitioner was one which would incline her to repose confidence in the integrity and sincerity of the administrator and his attorney who was also acting as attorney for the estate. While the attorney was allowed a fee as attorney for the estate, it appears that his best efforts were directed toward divesting the estate of funds which properly belonged to it, rather than increasing its value. It may be that, in his opinion, it was better for the petitioner to have made an assignment of her property to her stepfather, in order that he might care for her in the future, but from the results of this attempt, we are inclined to the view that the advice of counsel for the estate was misdirected. We are of the opinion that, under the facts in the case, the circuit court properly found that the administrator was possessed of assets which should be listed in the estate, namely, the items 1, 2, 3, 4 and 5 hereinbefore enumerated.

There is left for our consideration but two questions: first, whether under the law the probate court had a right to consider the assignments as null and void and restate the account; and second, whether the circuit court properly allowed the additional items of 19½ to 24, inclusive.

It is insisted on behalf of the defendant Kinsey that the probate court did not have jurisdiction to settle a controversy involving the rights of an assignee to a legatee's share of an estate. The Constitution of Illinois provides that probate courts "shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, etc. . . ." Numerous decisions of this State have recognized the rule that probate courts have equitable jurisdiction in matters pertaining to the administration of estates. *Wadsworth v. Connell,* 104 Ill. 369; *Shepard v. Speer,* 140

Ill. 238; *In re Estate of Mertz,* 246 Ill. App. 283; *Trego v. Estate of Cunningham,* 267 Ill. 367.

The Supreme Court of this State in the case of *Trego v. Estate of Cunningham,* 267 Ill. 367, in its opinion says:

"To avoid the delay, expense and embarrassment in the settlement of estates by requiring a resort, in the first place, to a court of equity, it will proceed in a case of an equitable character as though a bill in chancery has been filed, and will hear the evidence, investigate the claim and apply equitable rules in determining the judgment. (*Moore v. Rogers,* 19 Ill. 347; *Dixon v. Buell,* 21 id. 203; *Heward v. Slagle,* 52 id. 336; *Wadsworth v. Connell,* 104 id. 369; *Thomson v. Black,* 200 id. 465.) In such a case the court will act substantially as a court of equity, disregarding mere matters of form and looking to the substance to determine the equities of the parties."

While it has been held as stated that the probate court is possessed of equitable jurisdiction in matters of administration of estates, it does not necessarily follow that it has equitable jurisdiction in all classes of cases. The question becomes pertinent as to whether or not the transaction involved in this case appertains to a matter involving the administration of the estate. The probate court had the right to examine the account of the administrator and, in the event it was incorrect, had the authority to restate it. The administrator was already in court as administrator and subject to the orders of the probate court. Kinsey, as administrator, had qualified and accepted the responsibilty of administering the estate and it became his duty to see that the assets belonging therein should be collected and inventoried. The claim that he was not bound individually, in our opinion, is without force by reason of the fact that he was in the probate court as ad-

ministrator, and the assignor of the property in question was in the same court as claimant under the will. There was no need of compelling petitioner to go to another court to carry on an extended litigation against Kinsey in order to compel Kinsey, individually, to turn over to Kinsey, as administrator, property in his hands. The identical question was before this court in the case of *People v. Rigdon,* 204 Ill. App. 309, and in that case it was held the probate court had the right to determine the rights and interests of an assignee in and to a distributive share of the estate and to order distribution to the assignor who was an heir and entitled to be heard in the proceeding in that court. To the same effect see *In re Estate of Bennett v. Bennett,* 168 Ill. App. 658.

We are of the opinion that the probate court had jurisdiction under its equitable powers to hear and determine the questions involved in this proceeding and to enter the order restating the administrator's account and ordering distribution in accordance with its finding. From our examination of the record it does not appear that the question was raised in the probate court as to the right of that court to proceed and no appeal was taken from the order of the probate court by Kinsey, individually. It is urged on behalf of the petitioner that Kinsey, individually, in not having appealed from the order, is not properly in court and, furthermore, that the administrator could not appeal because Kinsey, as administrator, was not aggrieved by the judgment of the probate court, but, on the other hand, the order was for the benefit of the estate of which he was administrator and that, therefore, he was not entitled under the statute to an appeal as an administrator. We have not passed upon these questions because we do not believe it necessary under the view we take of the matter in this court.

We find upon an examination of the additional items allowed the administrator, numbers 19½ to 24, inclusive, an allowance of $500, item number 20, for dental expenses incurred by the petitioner. This appears to be a duplicate of the amount already allowed under the order. We also find an allowance of $400 for camp expenses, number 21, which appears to have been incurred by the petitioner prior to the assignment in question and concerning which the testimony is vague and indefinite. We find an allowance for $750, among said items, which bears the number 19½, which is allowed the administrator, but we are unable to ascertain from the record upon what this is based and, moreover, we are of the opinion that this amount is not borne out by the evidence showing that it was incurred by the administrator for the benefit for the estate. These items were evidently allowed by the circuit court on the theory of an equitable set-off, but without proper foundation in fact.

For the reasons expressed in this opinion, the judgment of the circuit court is affirmed except as to the additional items numbers 19½, 20 and 21, allowed the administrator as charges against the estate and, as to these particular items, the judgment is reversed and the cause remanded for a rehearing.

*Judgment affirmed in part and reversed in part and remanded for rehearing.*

HEBEL and FRIEND, JJ., concur.