London and Lancashire Indemnity Company of America for use of Henry E. File, Appellee, v. Harry D. Tindall, Administrator of Estate of Nathan C. File, Deceased, and Edith Angell, Appellants.

DADY, J., dissenting.

Opinion filed November 16, 1940. Rehearing denied November 28, 1940.

ORWIN H. PUGH, of Murphysboro, for certain appellant.

GLENN O. BROWN, of Carbondale, and BARNARD & BARNARD, of Chicago, for certain other appellant; MORTON JOHN BARNARD, of counsel.

JOHN G. GILBERT and ELMER J. MEDLIN, for appellee; LOYD M. BRADLEY, of Carbondale, of counsel.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal by the defendants Harry D. Tindall, administrator of the estate of Nathan C. File, deceased, and Edith Angell from a decree of the circuit court of Jackson county allowing the plaintiff, London & Lancashire Indemnity Company of America, to be subrogated to the rights of Henry E. File as distributee of the estate of Nathan C. File, deceased, superior to the rights of Edith Angell, and ordering Tindall as administrator to pay plaintiff whatever sum shall be due File upon the order of final distribution of the estate.

The complaint alleges that plaintiff became surety on the bond of Henry E. File as administrator of the estate of Nathan C. File, deceased; that said administrator defaulted and that plaintiff was compelled to pay the amount of defalcation, by reason of being on said bond; that the successor administrator has served notice of the filing of his final report and distribution;

that in the regular course the balance on hand for distribution would pass to Daisy Edith Casper, a daughter of Nathan C. File, and to the son Henry E. File, whose defalcation plaintiff made good. The complaint then prays to be subrogated to all the rights of Henry E. File as distributee of said estate by way of equitable assignment and to have the same enforced against File's distributive share therein to be used to reimburse it as surety.

Defendant Tindall, administrator, moved to dismiss plaintiff's complaint alleging numerous grounds, the one here of chief interest to us being that the probate court of Jackson county has complete jurisdiction of the subject matter; that the administration was still open, and that the trial court had no jurisdiction concerning the settlement of said estate of Nathan C. File, deceased. This motion was denied and the defendant administrator filed an answer admitting and denying such facts respectively as were alleged in plaintiff's complaint.

Edith Angell filed an answer and an intervening petition. Her answer to plaintiff's complaint is not important, but in her intervening petition she sets up that she is the divorced wife of Henry E. File, and that she has a judgment against him for unpaid alimony in the circuit court of Cook county in the sum of $731.15; that she took the necessary steps in order to start garnishment proceedings and did start garnishment proceedings against the administrator and obtained a conditional judgment in garnishment. A final judgment was impossible because no order of distribution in the estate had yet been filed. This conditional judgment was directed at the distributive share of Henry E. File and was against the garnishee administrator of the estate of Nathan C. File, deceased, in the sum of $731.15.

She alleges that said judgment is superior to the rights of plaintiff as to the fund in question, which

claims by right of subrogation. Plaintiff answered said cross-complaint, but the issues there joined are not of consequence to us now.

A stipulation of fact was entered into by the parties and is substantially as follows:

Edith Angell, intervening petitioner and appellant herein, had been married to Henry E. File. On October 21, 1932, a decree of divorce was entered in the circuit court of Cook county in a suit filed by Edith Angell (File) against Henry E. File. The decree provided for the payment of alimony and support of the minor child of the parties.

On December 9, 1934, Nathan C. File, father of Henry E. File, died intestate. His sole heirs were Henry E. File, his son, and Daisy E. Casper, his daughter. Henry E. File was appointed administrator of the estate on December 11, 1934, by the county court of Jackson county, Illinois, and filed his bond in the sum of $4,000 with London Lancashire Indemnity Company of America as surety.

Henry E. File having fallen in arrears in payment of alimony and support of his child under the order of the circuit court of Cook county, that court entered a judgment against him on December 11, 1935, in favor of Edith Angell for $700 and costs. The judgment was never reversed or set aside nor was any appeal perfected therefrom and it is still in full force and effect. Thereafter execution issued on the judgment which was returned by the sheriff of Cook county, to whom it was issued, no property found and no part satisfied. Thereupon garnishment summons was issued out of the circuit court of Cook county on behalf of Henry E. File for the use of Edith Angell and against Henry E. File as administrator of the estate of Nathan C. File, deceased. The garnishment summons was duly served on him and he filed an answer as administrator to the interrogatories propounded to him.

Thereafter, on March 9, 1936, a conditional judgment was entered in the garnishment proceeding, No.

B251844, in favor of Henry E. File for the use of Edith Angell and against Henry E. File as administrator of the estate of Nathan C. File, deceased, in the sum of $731.15, plus any further costs which might be taxed in the proceedings. The judgment was not a final judgment for the reason that no final order of distribution had been entered in the estate of Nathan C. File, deceased. The conditional judgment is still in full force and effect, never having been vacated or set aside. On March 17, 1936, a certified copy of the conditional judgment was filed in the office of the clerk of the county court of Jackson county wherein the estate is pending. No part of the conditional judgment in the sum of $731.15 has been paid.

On May 10, 1937, File was removed as administrator of the estate of Nathan C. File, deceased, by order of the county court of Jackson county, and Tindall was appointed and qualified as administrator of the estate in his stead.

On May 17, 1937, an order settling and allowing a final accounting of File as administrator of the estate of Nathan C. File, deceased, was allowed by the county court of Jackson county covering the period from December 11, 1934, to May 10, 1937, and showed a shortage in the amount of $1,716.18. Thereupon File as administrator was ordered to pay and deliver to Tindall, as successor administrator of that estate, all money, property, and cash owing to the successor administrator. File, as administrator, having failed to pay the same, plaintiff as surety on his bond, paid to Tindall, successor administrator, the sum of $1,716.18 in full payment and satisfaction of the amount due.

On June 13, 1938, Tindall, as administrator of the estate of Nathan C. File, deceased, filed a final report in the county court of Jackson county showing that there is in the estate $1,241.28 available for distribution to be distributed to File, $620.64 and to Daisy E. Casper $620.64. Her share is not involved in this pro-

ceeding. No final order of distribution has been entered in the estate.

The decree found the equities in favor of the plaintiff; that it was entitled and subrogated to all the rights of Henry E. File, as distributee. Defendants bring the case here and assign numerous errors most of which, if not all, were urged on the motion to dismiss the complaint in the trial court. We are concerned chiefly with the question of jurisdiction raised by this appeal.

Section 20 of Article VI of our State Constitution provides in part as follows:

"Said courts (Probate Courts), when established, shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators, and the settlement of their accounts; in all matters relating to apprentices, and in cases of the sales of real estate of deceased persons, for the payment of debts." Under section 18 county courts are given the same jurisdiction in those counties in which probate courts have not been established.

Our courts have universally held that for the purpose of efficiently carrying out the powers so vested by the Constitution, said courts have all necessary equitable powers, with authority to exercise them where required. Thus in *Trego v. Estate of Cunningham,* 267 Ill. 367, our Supreme Court said, "To avoid the delay, expense and embarrassment in the settlement of estates by requiring a resort, in the first place, to a court of equity, it will proceed in a case of an equitable character as though a bill in chancery has been filed, and will hear the evidence, investigate the claim and apply equitable rules in determining the judgment. . . . In such a case the court will act substantially as a court of equity, disregarding mere matters of form and looking to the substance to determine the equities of the parties."

*Shepard v. Speer,* 140 Ill. 238, is a case in which an administration became so complicated that the adminis-

trator himself filed suit in equity to determine what disposition he should make of the funds in his hands, several creditors having laid claim thereto. The court upheld this principle of equity in the probate court for the purpose of administration, and held that it was exclusive, using the following language: "The probate court is clothed with jurisdiction in all matters of probate settlement of estates of deceased persons, appointment of guardians and conservators, and settlements of their accounts. If the jurisdiction of the probate court is broad enough to embrace the matter involved in the bill, then it is plain a court of equity will not assume jurisdiction. The fact that the matters alleged are such as are usually cognizable in a court of equity, does not affect the question, as in the settlement of estates the probate court is not confined to the exercise of legal powers, but may also exercise equitable powers in the adjudication of all matters pertaining to the settlement of estates. . . .

". . . the probate court has ample power to make final settlement of the estate, order a distribution of the fund in the hands of the administrator, and after a distribution, discharge the appellant (administrator) from further duties."

*In re Estate of Bennett,* 168 Ill. App. 658, the Appellate Court of the Third District held that the probate court has jurisdiction to determine to whom a fund in the hands of the administrator shall be paid, if all the parties to the controversy over the funds are before the court.

In *People v. Rigdon,* 204 Ill. App. 309, that court upheld a judgment for defendants based upon sustaining a demurrer to a declaration filed in the superior court of Cook county seeking to recover the amount of the distributive share of an heir alleged to have been assigned to plaintiff's intestate by the heir, on the ground that the probate court, incidental to its jurisdiction to settle and distribute the assets of a decedent, has power to determine the rights and interests of an

assignee of the distributive share of an heir in the estate.

*In re Estate of Kinsey,* 261 Ill. App. 481, the Appellate Court held that the probate court under its equitable jurisdiction had power to settle a controversy involving the rights of an assignee to a legatee's share of an estate and to set aside the assignment as having been procured by fraud.

These and other cases hold that complete power is vested in the probate courts to settle and adjust all matters pertaining to the administration of estates.

A court of equity will not, except in extraordinary cases, supersede the probate court in the administration of an estate. (*Freeland v. Dazey,* 25 Ill. 294; *Harding v. Shepard,* 107 Ill. 264; *Duval v. Duval,* 153 Ill. 49.)

By virtue of these decisions the line of demarkation seems to be between all ordinary matters of administration and those extraordinary matters of administration which are of such character as to require and demand the intervention of a court of equity. It seems to us it must necessarily be so; otherwise persons having claims against estates might without stint or limit resort to courts of equity for the purpose of proving claims against estates. This, of course, would be an extreme violation of the spirit and letter of the probate court's powers and of the Constitution which prescribes the powers and duties of probate courts.

This brings naturally the question as to whether the matters here before the court, as they were presented to the trial court, are of such an extraordinary character as that the plaintiff could ignore the probate court and rightfully resort to a court of chancery, as it did. We see no such extraordinary thing. Were it not for the claim of the plaintiff that it is rightfully subrogated to the distributive share of the heir, the issue would not be different from filing an ordinary claim by plaintiff before the probate court, based upon the law of

subrogation and the facts in the particular case. Can anybody deny that the court would have jurisdiction to pass upon that question? We think not. In this case the administrator was confronted with the duty of making distribution under the law, of the assets of this estate among the claimants rightfully entitled thereto. It was purely a function of administration. The administrator must always in the last analysis have the final say, under direction of the probate court, as to whom he shall pay the moneys of the estate that are to be paid, and must so show in his final report how he has paid that money and ask the approval of the court thereon. There is nothing of an unusual character about this. The probate court, in virtue of the authorities above cited has plenary power to decide the questions which were decided by the court of chancery in this case. Therefore, we think in the end, it would have to do so. In other words, so plainly in our judgment, were the issues involved here cognizable before the probate court, that a court of equity could not under these circumstances reach down and take from the probate court, created by the Constitution, its powers to do what the Constitution gives it the sole jurisdiction to do.

Argument is made and cases cited to the claimed effect that there are extraordinary conditions here which demand the intervention of a court of chancery. The cases cited do not convince us. Most of them have to do with the setting aside of contracts, determining questions of trust and so forth, and so throw no light on the immediate question here involved.

It is also argued that the probate court was without jurisdiction because all proper parties were not before the court. This does not weigh heavily with us. The only reason that this party plaintiff was not before the probate court is because it did not elect to go before the probate court. It sought a remedy elsewhere,—a remedy which in our judgment was not open to it.

Whether the person who claimed the fund by virtue of her judgment in garnishment was before the court is not a matter about which the plaintiff can complain.

We are of the opinion that on the facts involved and the issues here, the probate court had full jurisdiction to hear and determine the matters in controversy. That being the case, it follows that in our judgment the circuit court did not have jurisdiction to hear and determine said issues, and that the trial court erred in not allowing the motion of defendants to dismiss the complaint, and in not dismissing the same.

Having arrived at this conclusion, it is unnecessary and we do not express any opinion as to the other issues here involved.

The cause is reversed and remanded to the circuit court of Jackson county with instructions to that court to allow the motion to dismiss and to dismiss the complaint for want of jurisdiction.

*Reversed and remanded with directions.*

Mr. Justice Dady dissenting: I disagree with the foregoing decision, and with its language stating that the trial court "could not . . . take from the probate court . . . its powers to do what the constitution gives it the sole jurisdiction to do, . . . and . . . did not have jurisdiction to hear and determine said issues."

In the *Shepard* case the Supreme Court held that the circuit court properly refused to assume jurisdiction under the facts in that case but I find nothing in such decision or in any other decision stating or holding that the jurisdiction of the probate court in such matters was or is exclusive.

In *Chapman v. American Surety Co.*, 261 Ill. 594, the court points out that courts of equity have paramount jurisdiction in matters of administration and settlement of estates and that this jurisdiction has not been changed by the Probate Court Act or the Constitution, saying on page 604: "It is argued, however, that the settlement of accounts having been placed by statute

in the probate court, it was the intention to take such jurisdiction from the court of chancery. Wherever that court has, as a part of its inherent powers, jurisdiction in certain matters, such jurisdiction is not, in general, lost or abridged where other courts have acquired jurisdiction to grant the same or different relief. . . . This court, in *Howell v. Moores,* 127 Ill. 67, in discussing the jurisdiction of probate courts, held that under the constitution circuit courts had original jurisdiction in all cases at law and in equity, therefore the jurisdiction conferred upon the county or probate courts was concurrent only with that previously existing in the circuit courts in matters of trust; that under the constitution this equity jurisdiction could not be taken from the courts of equity by the legislature. This court has more than once stated that courts of equity have a paramount jurisdiction in matters of administration and settlement of estates and may control courts of law in their action thereon, . . . . The rule now appears to be that courts of equity will not exercise jurisdiction over the administration of estates in ordinary cases.'' See also *Elting v. First Nat. Bank of Biggsville,* 173 Ill. 368.

From the foregoing it would seem that courts of equity recognize that they have the inherent power and jurisdiction over matters of administration and settlement of estates, but for reasons of expediency have adopted the policy of refusing to exercise or assume such jurisdiction in ordinary cases of administration where it clearly appears that the probate court, under its powers, could easily grant the relief sought. In other words, the authorities bear out the principle that although equity has jurisdiction over such matters, it will not assume or exercise such jurisdiction in ordinary cases and will only exercise it under extraordinary circumstances or for special reasons.

In most of the cases called to our attention, including the cases cited in the majority opinion, the question of jurisdiction arose on a motion or on a demurrer to

the bill or complaint, which motion or demurrer was sustained by the trial court, and such decision of the trial court was thereafter affirmed by a court of review on the ground that the proper forum was the probate court. In none of such cases did the court of review go so far as to hold that the reason why such a complaint should be dismissed is because the probate court has exclusive jurisdiction and that there is no jurisdiction in the circuit court in such matters.

This case is presented in a little different light, in that the circuit court refused to hold that it did not have jurisdiction but heard and decided the case on its merits, and in our court the case on its merits has been well and thoroughly presented in the briefs of the respective parties. No case has been called to our attention in which it was held error for the trial court to assume and retain such jurisdiction. Assuming, but not conceding, that there are no extraordinary circumstances or facts in the instant case (which point I consider debatable), it seems harsh and inequitable to now refuse to decide this case on its merits when the trial court had inherent jurisdiction to hear it,—the result of the majority decision being that the case on its merits will hereafter have to be relitigated in the probate court with consequent expense and delay,— and without the benefit of a decision of a court of review unless the litigants incur further expense and delay in going to a court of review.