## CORNELIUS SULLIVAN
### V.
## CONRAD L. NIEHOFF ET AL.

*Injunctions—Bill for Relief from Judgment—Service—Evidence—Usury—Payments.*

1. The unsupported evidence of the defendant denying service of process, is insufficient to sustain a bill for relief from a judgment on the ground that he was not served.
2. The declarations of a party are not evidence in his favor.
3. Where a defendant in a suit at law has neglected to make his defense, he can not have relief in equity from a judgment which includes usurious interest.

[Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Mr. A. B. BALDWIN, for appellant.

No principle is better established than that so long as any part of the debt remains unpaid, the debtor may insist upon a deduction of the usury from the part remaining unpaid. Saylor v. Daniels, 37 Ill. 331; Farwell v. Meyer, 60 Ill. 367; Driscoll v. Tannock, 76 Ill. 154; Jenkins v. Greenbaum, 95 Ill. 11; Harris v. Bressler, 119 Ill. 467.

Mr. M. J. DUNNE, for appellee.

The Supreme Court has several times held that a return of an officer can not be impeached, except by the clearest and most satisfactory evidence, and that the testimony of the darty upon whom service purports to have been made, is not sufficient to authorize the setting aside of the return of a sworn officer. Davis v. Dresback, 81 Ill. 395.

It was held in Leitch v. Colson, 8 Ill. App. 458, in this court, that a return to process by a constable is, as between the parties, conclusive, and can not be contradicted by parol evidence.

To the same effect is Fitzgerald v. Kimball, 86 Ill. 396. In Hunter v. Stoneburner, 92 Ill. 75, it is said: "It then appearing that appellee was served with process, he must be bound by the officer's return. It is in rare cases only that the return of the officer can be contradicted, except in a direct proceeding by suit against the officer for a false return. In all other cases, almost without an exception, the return is held to be conclusive."

A bill to restrain the collection of a judgment should show what the evidence was which authorized the judgment complained of, and the grounds of defense, and the reason, if any, why it was not made, and such other facts as would make a case, or there will not be error in dismissing the bill. Buntain v. Blackburn, 27 Ill. 406.

Although a judgment at law may be unjust, yet, where a legal defense existed, and the defendant had an opportunity to make the same, and by his own neglect failed to do so, he can obtain no relief in equity. Higgins v. Bullock, 73 Ill. 205; Hopkins v. Medley, 99 Ill. 510.

GARY, J.  The questions in this case have been often decided adversely to the appellant. He filed his bill for relief from a judgment at law on the grounds that he was never served with process; that payments had not been credited, and that usurious interest was included in the judgment. The return shows service, and the deputy sheriff testifies to it; appellant testifies to the contrary, and seeks to corroborate his statement that he was not at the place where the deputy says the service was made, by his own statement that he went to Valparaiso that day, and by the testimony of two other witnesses, one of whom says he saw appellant get on a train that was starting out of the depot about 8 o'clock in the morning, and the other that he saw him in the evening just as the train arrived from the East, and appellant said he "was down to Valparaiso." The deputy testified that the service was between 3 and 5 o'clock in the afternoon. It was obvious that, leaving out what appellant said to the witness, that "he was down to Valparaiso," the testimony of the deputy and of the

witnesses for appellant, is not inconsistent, and both may be true. His declaration that he "was down to Valparaiso" was no evidence in his own favor that he was there. Brown v. Lusk, 4 Yerg. 210.

The fact of service, therefore, is disputed only by his own testimony. This is not enough. Hunter v. Stoneburner, 92 Ill. 75; Davis v. Dresback, 81 Ill. 393.

In addition to the legal conclusion, it appears that in fact the appellant knew that he was sued, as before the return day he wrote to the attorney of the plaintiff as follows:

"Yours of the 20th inst. duly received; contents noted; in reply would say it seems to me to be a rather strange proceeding that you should now have been authorized by Mr. Niehoff to commence legal proceedings on a note that I have been already sued on. How is this? Please explain, or is this some more of Niehoff's crookedness? Get two judgments. collect twice more? I imagine he has been pretty near paid already. When Mr. Niehoff wants to settle with me square and honest, he has got my address. It looks rather foolish to write a letter threatening a law suit that I have been already served on and that I have put into the hands of an attorney."

Having neglected any defense that he had at law, he can not now come into equity for relief, if usurious interest was included in the judgment. Smith v. Powell, 50 Ill. 21. Nor if payments were not credited. Mellendy v. Austin, 69 Ill. 15

The bill was rightly dismissed.

*Decree affirmed.*