In re Estate of Laure H. B. Tarpey, Deceased.
Ethel Tarpey, Appellant, v. Edward V. Dake and
United States Fidelity and Guaranty Company,
Appellees.

Gen. No. 42,163.

Heard in the second division of this court for the first district at the February term, 1942. Opinion filed March 8, 1944.

DAVID K. TONE and CHARLES J. MONAHAN, both of Chicago, for appellant.

LEONARD A. WEINBERG, of Chicago, for certain appellee.

EUGENE P. KEALY, of Chicago, for certain other appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Ethel Tarpey, the widow of Alfred F. Tarpey and the administrator of his estate, filed an amended petition and an amendment thereto in the probate court requesting that the final account of Edward V. Dake, administrator of the estate of Laure H. B. Tarpey, deceased, which had theretofore been approved, be vacated and set aside, that said administrator be required to restate his final account, that a certain assignment and ''Appearance and Consent'' executed by the aforesaid Alfred F. Tarpey and filed in said estate be declared void, and that the surety bond of Dake as such administrator be reinstated. The probate court entered an order sustaining Dake's motion to strike the amended petition as amended (hereinafter for convenience referred to as petition). The petitioner, Ethel Tarpey, perfected an appeal to the circuit court from said order of the probate court. Upon a hearing in the circuit court, the trial judge, after inspecting the assignment, consent and appearance and the final account and report filed in the probate court by Dake as administrator of the estate of Laure H. B. Tarpey, entered an order sustaining Dake's motion to strike Ethel Tarpey's petition and, petitioner electing to abide by her petition, the relief

prayed for in same was denied. Petitioner appeals from the order of the circuit court.

The petition of Ethel Tarpey, as administrator of the estate of her deceased husband, Alfred F. Tarpey, alleged substantially the following facts: Ethel Tarpey was the sole heir of Alfred F. Tarpey. Alfred F. Tarpey was the sole heir and beneficiary of his deceased mother's estate, in which there were assets amounting to approximately $30,000 net. Tarpey was an habitual drunkard, whose physical health and mental faculties had been impaired. Dake was Tarpey's attorney and he prevailed upon Tarpey to have him (Dake) appointed administrator of his mother's estate. Shortly thereafter, and, while Dake was not only Tarpey's attorney but the administrator of his mother's estate, said Dake fraudulently procured without consideration an assignment of all the assets of his mother's estate from Tarpey, who, because of the impairment of his mental faculties was incapable of understanding and did not understand the nature and effect of said assignment. Dake induced Tarpey to make the assignment by fraudulently representing to him and causing him to believe that by said assignment he (Dake) was going to create a trust for his (Tarpey's) benefit. Attorney Dake by similar means fraudulently procured the execution by Tarpey of his "Appearance and Consent," whereby said Dake fraudulently procured the entry of the order by the probate court approving his final account and report as administrator of the estate of Laure H. B. Tarpey, with the result that Attorney Dake appropriated to himself all the assets of the estate of Tarpey's deceased mother. The petition concluded with a prayer for the relief already indicated.

The principal question presented for our consideration is whether the petition sufficiently alleged a state of facts that warranted granting the equitable relief sought. In our opinion the mere recitation of the

facts alleged is sufficient to show that it did. The motion of Edward V. Dake to strike Ethel Tarpey's petition admitted all the well pleaded allegations of fact contained therein.

Although, in so far as the record discloses, he did not raise the question of jurisdiction in either of the courts below, Attorney Dake now contends that the probate court has no jurisdiction to grant the relief requested in the petition. There is no merit in this contention. Every court has inherent power to vacate its own order, the entry of which has been fraudulently procured and, if as the petition alleges, Tarpey's execution of his "Appearance and Consent" to the approval of the administrator's final account and report was fraudulently procured, then it follows that the court's order approving said final account and report was fraudulently procured, because in the absence of such written "Appearance and Consent" of Tarpey, the sole beneficiary of the estate of Laure H. B. Tarpey, the order of approval would not have been entered by the probate court without notice to him.

Attorney Dake also contends that the probate court has no authority to determine whether or not the assignment made by Tarpey to him individually was void and that said court has no authority to compel him to restate his account as administrator. It has been repeatedly held that the probate court has equitable jurisdiction to consider and determine such matters as are involved in the petition filed herein. In *Kinsey v. Bushman,* 261 Ill. App. 481, it appeared that Carl D. Kinsey was the stepfather of Letitia Vance Bushman and that he was appointed administrator of her mother's estate; that Letitia Vance Bushman was the sole heir of the estate of her mother under the latter's will; that Carl D. Kinsey had secured by the improper use of his fiduciary relationship two assignments to himself from his stepdaughter, Letitia Vance Bushman, of her entire interest in her mother's estate;

that on May 5, 1927, more than two years after said administrator's final account had been approved and he had been discharged as such administrator, Letitia Vance Bushman filed her petition in the probate court asking that said order of discharge be set aside, for leave to object to the administrator's final account and for a rule on said administrator to pay her her distributive share of the estate. The probate court held that the two assignments made by Letitia Vance Bushman to her stepfather, Carl D. Kinsey, were void and ordered his final account as administrator restated as requested in the petition filed by said Letitia Vance Bushman. As in the instant case, the administrator, Kinsey, contended that the probate court was without jurisdiction to vacate the order approving his final account and to order him to restate such account. In that case this court said at pp. 487, 488 and 489:

"It is insisted on behalf of the defendant Kinsey that the probate court did not have jurisdiction to settle a controversy involving the rights of an assignee to a legatee's share of an estate. The Constitution of Illinois provides that probate courts 'shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, etc. . . .' Numerous decisions of this State have recognized the rule that probate courts have equitable jurisdiction in matters pertaining to the administration of estates. *Wadsworth v. Connell,* 104 Ill. 369; *Shepard v. Speer,* 140 Ill. 238; *In re Estate of Mertz,* 246 Ill. App. 283; *Trego v. Estate of Cunningham,* 267 Ill. 367.

"*. . .*

"While it has been held as stated that the probate court is possessed of equitable jurisdiction in matters of administration of estates, it does not necessarily follow that it has equitable jurisdiction in all classes of cases. The question becomes pertinent as to whether or not the transaction involved in this case appertains to a matter involving the administration of

the estate. The probate court had the right to examine the account of the administrator and, in the event it was incorrect, had the authority to restate it. The administrator was already in court as administrator and subject to the orders of the probate court. Kinsey, as administrator, had qualified and accepted the responsibility of administering the estate and it became his duty to see that the assets belonging therein should be collected and inventoried. The claim that he was not bound individually, in our opinion, is without force by reason of the fact that he was in the probate court as administrator, and the assignor of the property in question was in the same court as claimant under the will. There was no need of compelling petitioner to go to another court to carry on an extended litigation against Kinsey in order to compel Kinsey, individually, to turn over to Kinsey, as administrator, property in his hands. The identical question was before this court in the case of *People v. Rigdon,* 204 Ill. App. 309, and in that case it was held the probate court had the right to determine the rights and interests of an assignee in and to a distributive share of the estate and to order distribution to the assignor who was an heir and entitled to be heard in the proceeding in that court. To the same effect see *In re Estate of Bennett v. Bennett,* 168 Ill. App. 658.

". . .

"We are of the opinion that the probate court had jurisdiction under its equitable powers to hear and determine the questions involved in this proceeding and to enter the order restating the administrator's account and ordering distribution in accordance with its finding."

The final account and report of Dake, as administrator, was filed and approved March 7, 1938 and the petition herein was not filed until June 24, 1941, but it has been repeatedly held that the probate court in the exercise of its equitable jurisdiction might on motion

or petition at a subsequent term set aside its own order because of fraud, accident or mistake. (*Heppe v. Szczepanski,* 209 Ill. 88; *Strauss v. Phillips,* 189 Ill. 9; *Millard v. Harris,* 119 Ill. 185; *Marshall v. Coleman,* 187 Ill. 556.) In the *Heppe* case the court said at p. 99:

"In *Schlink v. Maxton,* 153 Ill. 447, it was held that the Probate Court in the exercise of its equitable jurisdiction might on motion at a subsequent term set aside its own order, allowing a claim against an estate if mistake or fraud had intervened; and in that case it was said, 'so here, although the term of court, at which an allowance was made, has passed, it may, for such cause as would move a court of equity upon a bill filed, entertain a motion to set aside the allowance.' "

We are impelled to hold that the trial court erred in striking the amended petition and the amendment thereto of Ethel Tarpey and for the reasons stated herein the order of the circuit court of Cook county sustaining the motion of Edward V. Dake to strike said petition is reversed and the cause is remanded with directions that said motion of Edward V. Dake be denied, that the respondents Edward V. Dake and United States Fidelity & Guaranty Co., be ruled to answer the amended petition and the amendment thereto of Ethel Tarpey, administrator of the estate of Alfred F. Tarpey, and that such further proceedings be had as are not inconsistent with the views herein expressed.

*Reversed and remanded with directions.*
FRIEND, P. J., and SCANLAN, J., concur.