The Admiral Corporation, Appellant, v. H. B. Newell, Individually and Trading as Midwest Manufacturing Company, and The Midwest Manufacturing Company, Appellees.

Gen. No. 45,705.

180

Opinion filed October 29, 1952. Released for publication November 17, 1952.

COLLEN, KESSLER & KADISON, of Chicago, for appellant; JOSEPH L. KADISON, and MARK A. GREENHOUSE, both of Chicago, of counsel.

SIDNEY TEPPER & THEODORE SHARF, both of Chicago, for appellees.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This appeal is from an order entered August 30, 1951, vacating a judgment entered against defendant on June 6, 1951. After summons served upon the defendant, a formal appearance was filed by Attorney

Sidney Tepper on April 16, 1951. No address was stated in the appearance where notice or other papers could be served upon the attorney. The filing of such an appearance was not in compliance with section 20 of the Civil Practice Act (Ill. Rev. Stats. 1951, ch. 110 [par. 144; Jones Ill. Stats. Ann. 104.020]). That section provides that every appearance in a civil action, whether general or special, and whether in person or by attorney, shall be made in writing "by filing a pleading or motion in the cause, which said pleading or motion shall state with particularity an address where service of notices or papers may be made upon the party or attorney so appearing." It is the only form of appearance provided for by the Act. In the instant case no such pleading or motion was filed but merely the formal appearance.

■ On May 1, 1951, a notice was mailed to Attorney Tepper of a motion for a default order for failure to file a proper appearance or defense. The affidavit of service by mailing does not disclose any address to which the notice was mailed nor any recital that postage was prepaid. This notice was not in compliance with Rule 7 of the Supreme Court and Rule 22, § 2, and Rule 24 (c) of the Superior Court of Cook County. Rule 7 provides:

"(1) When a party is represented by an attorney of record, service shall be made upon such attorney, otherwise service may be made upon the party.

"(2) Papers shall be served as follows:
 * * *
(c) Or, by depositing them in a United States post office or post office box, enclosed in an envelope, plainly addressed to such attorney at his business address, or to the party at his business address or residence, with postage fully prepaid."

182

Rule 24 (c) provides:

"In case of service by mail, by affidavit of the person depositing the paper in the mail, in which affidavit shall be stated the time and place of mailing, the complete address which appears on the envelope, and the fact that proper postage was prepaid."

■ On May 3, 1951, pursuant to said notice, a default was entered. On June 4, 1951, a notice was mailed to Attorney Tepper that a motion would be made on June 6 for judgment by default for failure to file a proper appearance or defense. The affidavit of service of this notice by mailing is like the affidavit of service upon the notice for a default order and is likewise subject to the same objection of noncompliance with the rule of the Supreme Court and the rules of the Superior Court. On June 6, 1951, the judgment was entered. On August 24, 1951, defendant made a motion upon notice served to vacate the judgment entered on June 6, and for leave to file an answer to the complaint instanter, and that the garnishment proceedings instituted upon the judgment be dismissed. This motion was supported by a sworn petition.

The petition alleged, inter alia, that the attorney who filed his appearance never received any notice of a motion for a judgment by default, and did not hear and know of the entry of such judgment, nor did the defendant know of it until a garnishment summons was served on July 17, 1951, upon the bank having defendant's account; that defendant's attorney immediately contacted plaintiff's attorney, and negotiations and conferences were had for an amicable adjustment of the controversy; that nothing materialized out of these conferences; and that defendant immediately, upon being advised that the matter could not be settled, presented the petition to vacate the judgment.

Plaintiff made a motion to strike the petition, assigning specific reasons for said motion, principally

reciting the state of the record, and in addition that defendant failed to show any reason or excuse for the laches in filing the petition to vacate the judgment.

Upon a hearing the court vacated the judgment and discharged the garnishee.

 The fact that the appearance in question did not comply with section 20 of the Civil Practice Act, because it failed to state the address of the attorney at which notice of motion could be served in person or to which it could be mailed, does not excuse the failure of plaintiff to comply with Rules 7, 22 and 24, in serving notice for an order of default and in serving notice for the entry of the judgment by default. While the practice of filing an appearance by an attorney, without stating an address, is not to be sanctioned or encouraged, we cannot say in the instant case that the failure to state an address, as required by the rule, was intentional. However, when one seeks a judgment by default, which could result in the seizure of property, and in the instant case involved garnishment of a bank account, it is imperative that substantial compliance be had with the rules mentioned as to notice for a default and judgment. It is clear to us that had the court been apprised, at the time it entered judgment by default, of the failure of compliance with the rules referred to in the service of the notice for such a judgment, it would not have entered the judgment. Under these circumstances, defendant's motion in the nature of a writ of error *coram nobis* should afford the relief sought and is fully justified by the rule announced in *Ellman v. DeRuiter,* 412 Ill. 285, 292, wherein the court said:

"While our present Civil Practice Act has not effected a complete amalgamation of the practice and procedure in common-law and suits in equity in this jurisdiction, it is our opinion that there has been a fusion

sufficient to enable a court of law, when the occasion demands it, to apply equitable principles in administering the summary relief available under the motion which has been substituted for writ of error *coram nobis*. Stated differently, it is our belief that the motion may, under our present practice, be addressed to the equitable powers of the court, when the exercise of such power is necessary to prevent injustice.''

The defendant should be permitted to present his defense, if he has any. The order appealed from is correct and is affirmed.

*Affirmed.*

LEWE, P. J. and KILEY, J., concur.