James M. Lane, Appellee, v. L. M. Bohlig, Appellant.

Gen. No. 45,909.

Opinion filed March 4, 1953. Released for publication April 6, 1953.

LAWRENCE E. LEWY, of Chicago, for appellant.

FRANK J. DOWD, and FRANK L. KEARNEY, both of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a proceeding under section 72 of the Civil Practice Act (chap. 110, par. 196, Ill. Rev. Stat. [1951; Jones Ill. Stats. Ann. 104.072]) to set aside an *ex parte* judgment. Defendant's motion was denied and he has appealed.

Plaintiff sued for damages resulting from alleged poor workmanship with defective materials in performing a contract to modernize plaintiff's building. Defendant filed a "special appearance" *pro se* and a jury demand. The suit was dismissed for want of prosecution three times. Each time an attorney in defendant's behalf agreed to its reinstatement. When it was reinstated for defendant May 8, 1951, it was set for trial September 21.

On September 24, 1951, the cause came for trial in "regular course" and "defendant being absent" the court "without a jury" heard evidence and arguments, found the issues for the plaintiff and entered judgment against the defendant for $999. Execution issued November 27, 1951, and was served on defendant December 18. The writ was returned unsatisfied.

March 20, 1952, defendant made his motion to vacate, supported by his affidavit stating that the attorney who stipulated to the reinstatement of the case was not authorized to do more than compromise the claim; that defendant had rectified most of the defective work and was willing to rectify all; that the items of corrective work were done to satisfy the claim; and that he had no knowledge of the judgment until served with execution. Another affidavit was filed in support of the motion by

488

the attorney who purported to represent defendant at the trial. This affidavit stated the history of the course of the law suit; an agreement between the attorneys for the parties that defendant's correction of the work done would satisfy the claim; that at the time of the reinstatement of the cause in April, 1951 plaintiff's attorney promised the cause would be dismissed; and that when affiant "recently" learned of the judgment, plaintiff's attorney agreed that the judgment would be vacated upon defendant's making whatever adjustments were necessary to satisfy plaintiff.

The question is whether the trial court erred in denying defendant's motion. The motion sought the application of equitable principles which the Supreme Court holds are applicable, when occasion demands, in a proper proceeding of this kind. *Ellman v. De Ruiter*, 412 Ill. 285.

■ The affidavits in support of defendant's motion are not controverted and the statements in them must be taken as true: The attorney who purported to represent the defendant at the trial was not authorized to do so, had no appearance on file and exceeded his authority when he made the stipulations to reinstate. Defendant presumably had no knowledge of these unauthorized acts. Defendant thought that he was satisfying plaintiff's claim by doing the corrective work though not admitting that he had the obligation to do so. The *ex parte* judgment was a surprise to him, and plaintiff's failure to set it aside was a breach of a promise accepted in good faith in defendant's behalf.

■■ We think that a reasonable discretion, in the light of equities arising from the uncontroverted statements in defendant's affidavits, would direct that plaintiff be required to answer defendant's motion by counter-affidavits. Upon the issues made the court can make findings of fact upon which to decide whether if the facts found were known at the time it was likely

that the *ex parte* judgment would have been entered. The case of *Ellman v. De Ruiter,* 412 Ill. 285, is authority for considering what transpired after, as well as before, the judgment in determining the equities.

For the reasons given the order denying the petition is reversed.

*Reversed and remanded for further proceedings.*

LEWE, P. J. and FEINBERG, J., concur.