Frank Lichter et al., Appellees, v. Phil Scher and Morris Petchersky, Trading as P. M. Liquor Store, Jack Spot Inn, Inc., and Leonard A. Bauer, Trading as Better Value Liquor Store, Defendants. Jack Spot Inn, Inc., Appellant.

Gen. No. 46,340.

First District, Second Division.

December 14, 1954.

Released for publication January 4, 1955.

John J. Maciejewski, of Chicago, for appellant; Charles D. Snewind, of Chicago, of counsel.

David Alswang, and Alexander J. Reiff, both of Chicago, for appellees; David Alswang, of Chicago, of counsel.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order sustaining plaintiff Lydia Flores' motion to strike and dismiss a petition to vacate an ex parte judgment for $25,000 in favor of plaintiff and against Jack Spot Inn, Inc., one of the defendants.

Plaintiff brought this suit under the Dramshop Act to recover damages alleged to have been caused by defendant's sale of intoxicating liquor to plaintiff's mother, which resulted in poisoning and subsequent death. Summons issued and was returned by the sheriff as served on one Wakefield, a bartender employed in the dramshop. Defendant failed to file an appearance or answer and was defaulted. The case coming on for trial on December 13, 1951, plaintiff made proof and the court entered judgment against the Jack Spot Inn, Inc.

On September 16, 1953, defendant filed a petition supported by affidavits and therein moved to set aside and vacate the judgment. On October 23, 1953, this petition was amended. Following are the averments of the amended petition which we deem pertinent to the issues presented by the appeal: (1) that no service was made upon defendant's agent and that the return of the sheriff is false and untrue; (2) that defendant had no notice of the pendency of the suit or of the judgment entered against it because at the time of the entry of the judgment the defendant corporation had been dissolved, and that no officer or agent of the corporation had any notice of the alleged service of summons, default or judgment prior thereto; (3) that defendant denies it sold intoxicating liquors to the deceased which, in whole or in part, caused her alleged intoxication, and alleges that the deceased came to her death by poison self-administered. Plaintiff moved to strike the petition as amended. The court heard no evidence, either oral or by way of counter-affidavits, but sustained the motion and dismissed the petition.

All prior decisions relating to proceedings of this character must now be reconsidered in the light of Ellman v. De Ruiter, 412 Ill. 285, 106 N.E.2d 350 (1952). In that case process had been served but the defendant, through mistake or misunderstanding as to the return day of the summons, failed to file his appearance on time. Default was taken and an ex parte judgment was entered at the same time that the plaintiff was negotiating with the defendant for settlement. The defendant was not informed of the judgment until more than thirty days after its entry. The court held that the proceeding was in the nature of a suit in equity; that while the Civil Practice Act has not effected a complete amalgamation of the practice and procedure in common law and suits in equity, there has been a fusion sufficient to enable a court of law, when the occasion demands it, to apply equitable principles in determining whether relief should be granted in such proceedings. The court

39

decided that it was "within the spirit of the Civil Practice Act, and within the scope of the function of the motion which has replaced the writ of error coram nobis, that defendant be given summary relief in this proceeding."

The impact of the decision in Ellman v. De Ruiter, supra, was felt immediately on the civil procedure of this state. It has already been cited three times as controlling precedent on cases in point. In Tomaszewski v. George, 1 Ill.App.2d 22, 116 N.E.2d 88 (1953), the Third Division of this court had before it a case in which a deputy sheriff testified that when he served the summons on the defendant's wife, he did not disclose the contents to her and did not recall having mailed the defendant a copy. The court held that service was properly quashed and a default judgment set aside. Other instances of Appellate Court action on the basis of Ellman v. De Ruiter, supra, are Admiral Corp. v. Newell, 348 Ill. App. 180, 108 N.E.2d 521 (1952), and Schnable v. Tuma, 351 Ill. App. 486, 115 N.E.2d 574 (1953). The net effect of those decisions was to carry out in differing factual situations the holding of the Ellman case.

In Lane v. Bohlig, 349 Ill. App. 487, 111 N.E.2d 361 (1953) the Third Division of this court held that to deny a motion similar to that made by defendant in the instant case, without holding a hearing or requiring the plaintiff to answer by counter-affidavits, was error in view of uncontroverted statements in affidavits in support of said motion. The only apparent difference between the Bohlig case and the instant case which is of any significance so far as the issue now under consideration is concerned is that in the former case the defendant's statements in support of his affidavits went uncontroverted, whereas in the instant case plaintiff filed a motion to strike the defendant's petition and supporting affidavits. Just as the affidavits in support of a defendant's motion must be taken as true when

40

not controverted (Lane v. Bohlig, supra), so a motion to strike a petition must be taken to admit all well-pleaded allegations of fact. In re Estate of Tarpey, 322 Ill. App. 270, 54 N.E.2d 222, 224 (1944); Nikola v. Campus Towers Apartment Bldg. Corp., 303 Ill. App. 516, 527, 25 N.E.2d 582 (1940). It is in the light of the foregoing cases that we consider the sufficiency of the petition.

■ The allegation that no service of summons was made by the sheriff on the Jack Spot Inn, Inc. is supported by affidavits from two agents of the corporation, one of whom, Wakefield the bartender, denies that he was ever served. Plaintiff argues that there is a presumption in favor of a sheriff's return of service (American Ins. Co. v. Keefer, 208 Ill. App. 571, 576 (1917)) and that a judgment based thereon will not be set aside on uncorroborated testimony of one claiming he was not served. Marnik v. Cusack, 317 Ill. 362 (1925); Davis v. Dresback, 81 Ill. 393 (1876); Sullivan v. Nie-hoff, 27 Ill. App. 421 (1888). It was not the office of the petition to recite the evidence, but to aver facts sufficient to set aside the sheriff's return if the matters so set up were true. The rule which requires a defendant to prove the facts alleged by clear and convincing evidence is a rule of evidence and not one of pleadings. We must accept as true the averment that no service was had on defendant and proceed to consider whether in other respects the petition is adequate.

■ Plaintiff contends that it is essential to the validity of the petition that there be a showing of diligence in moving to vacate the judgment. The petition alleges that the corporation had been dissolved and that no officer or agent had any notice of the suit or judgment prior to the dissolution. Plaintiff's attorney points out that the record shows a lapse of about one year and eight months after the default judgment had been entered before defendant made application to the

41

trial court to set it aside, and he argues that a lack of diligence is clearly shown by the record. He cites a number of cases to support his position. There is, however, an important distinction between the cases he cites and the instant case. In all those cases in which relief has been denied because of a lack of diligence, service had been had on the defendant and the default related to a failure to file a pleading, to appear for trial, or in some other respect occurring after the court had acquired jurisdiction by service. To miss this distinction is to lose sight of the fact that a void judgment may be set aside at any time. Parker v. Macoy, 91 Ill.App. 313 (1900); Keeler v. People ex rel. Kern, 160 Ill. 179, 182 (1895); Ray v. Moll, 336 Ill. App. 360, 84 N.E.2d 163, 166 (1949). The rule that equity will not relieve one against the neglect of a party who has not made a proper defense or moved for a new trial presupposes that he *knowingly* had a day in court. Owens v. Ranstead, 22 Ill. 161, 162 (1859).

Plaintiff cites Couch v. Illinois Cent. R. Co., 213 Ill. App. 429 (1919) as supporting her position. In that case, plaintiff obtained a judgment in a suit before a justice of the peace. The defendant filed a petition for certiorari in the circuit court, alleging that it had never been served. Plaintiff moved to quash on the ground that the record showed a summons was served as required by law; that the defendant knew that the suit was pending prior to the day of trial; and that the petition failed to state when the defendant learned of the rendition of the judgment. The motion to quash was allowed and was affirmed on appeal, principally on the ground that the return of the constable endorsed on the summons had not been overcome by facts sufficiently set forth in the petition. Due to rigid statutory requirements imposed upon a petition for certiorari, it was there held that facts, rather than conclusions in the petition, must be sufficient to establish (1) that the

42

judgment was not the result of negligence; (2) that it is unjust and erroneous; and (3) lack of opportunity to appeal. The petition, with supporting affidavit, was held insufficient in one or more of these particulars. No such rigid requirements are imposed in the instant proceeding. In the light of Ellman v. De Ruiter, supra, the motion is addressed to the equitable powers of the court, to be exercised under those extraordinary circumstances which are necessary to prevent injustice. The court should have overruled the motion to strike and required plaintiff to answer the petition.

Defendant has filed a special appearance. In the application of the principle established by Ellman v. De Ruiter, supra, we see no propriety in such an appearance. If the petition is sustained, the defendant should not be dismissed out of the case, but should be required to try the case on its merits.

Order reversed and cause remanded, with directions to take such further proceedings as are not inconsistent with the conclusions herein expressed.

Order reversed and cause remanded.

ROBSON and McCORMICK, JJ., concur.