Lillian V. Moore, Appellee, v. J. Edward Jones, Appellant.

Gen. No. 46,913.

First District, Second Division.

December 27, 1956.

Released for publication March 5, 1957.

J. Edward Jones, of River Forest, pro se.

Euclid Louis Taylor, and Richard K. Cooper, both of Chicago, for appellee.

JUDGE McCORMICK delivered the opinion of the court.

This is an appeal from an order of the County Court of Cook County denying defendant's motion to vacate a default and judgment theretofore entered against him. The case grew out of an action for damages filed against the defendant based upon a dispute concerning the rental of an apartment.

There is no dispute that the defendant was initially properly served. The appearance of the defendant was due April 4, 1955 and a pro se appearance was filed by him on April 5th. He filed no answer. On August 29, 1955 the court entered a judgment against the defendant in the amount of $1,000.

The judgment order recited the proper service of summons; that the answer and appearance of the defendant were due April 4th; that defendant filed an appearance on April 5th without leave of court; that "it further appearing to the court that notice of motion for an order of default was served on the said defendant," which notice also asked for judgment, and the defendant not having appeared, the cause was proved up as a default. The court found that it had jurisdiction of the subject matter and the parties; that the defendant was in default because he filed no answer

and failed to file his appearance within the time provided for by the rules of court; that the plaintiff had appeared and established the allegations of her complaint. The court ordered the appearance of the defendant stricken from the files and entered judgment for the sum of $1,000 against the defendant.

On November 23, 1955 the defendant filed a motion, supported by affidavits, to vacate the said judgment. Objections to the motion were filed, and upon a hearing thereon the court entered an order denying the motion of the defendant. No reply or counter-affidavit was filed by the plaintiff to the motion and affidavits filed by the defendant.

In his affidavit supporting the motion to vacate the defendant stated that after filing the pro se appearance and prior to the date of the entry of the judgment he had called one of the attorneys for the plaintiff and told him that the plaintiff had signed a lease for the apartment, of which the defendant was part owner, at 1251 South Miller street, Chicago, that she had refused to go ahead with the lease and that he felt that she had no claim against him; that she had instituted proceedings against him at the fraud division of the state's attorney's office where he appeared and the matter had been dropped; that he would like the attorney for the plaintiff to take no further steps in the case without getting in touch with him; that the attorney for the plaintiff said he would look into the matter and get in touch with the defendant before proceeding further; that defendant heard nothing from the attorney and first learned that a judgment had been taken against him on November 11, 1955 when an execution was served upon him; that he did not receive the notice and motion purportedly mailed to him on August 25, 1955; that he previously had had letters sent to him which were inadvertently addressed to him at 1426 West Monroe street, Chicago, and such

490

letters, because of the character of the building at such address, were not usually returned nor did he receive any of them. The motion also attacks plaintiff's proof of service of motion as insufficient because the rules of the County Court were disregarded, and the defendant sets up a meritorious defense to the claim.

The defendant's theory of the case is that at the time of the entry of the default against him, which default served as the basis for the judgment, there was insufficient proof of service of the notice and motion under the rules of the County Court.

The plaintiff's theory is that upon the defendant's failure to file his answer he was automatically in default and the court could have entered an order of default and judgment against him without notice; that the proof of service of the notice and motion served on the defendant was in substantial compliance with the rules of court; that the trial court did not have jurisdiction to entertain defendant's motion to vacate the judgment since the motion alleged an error of law and was filed more than 30 days after the entry of the judgment.

The rules of the County Court relied on by the defendant provided that no motion or order shall be made in any case without notice after a party has entered his appearance, and that a defendant who has appeared, even though in default for want of an answer, shall be entitled to notice unless a default has been entered against him after notice, but that a defendant who is in default for failure to appear is not entitled to notice (Rule 11). The rules also provided that proof of service of a notice should be effected, in case of service by mail, by affidavit of the person depositing the paper in the mail "in which affidavit shall be stated the time and place of mailing, the complete address which appeared on the envelope and the fact that proper postage was prepaid" (Rule 14).

■ The rules of court in question were binding upon the court and the parties (North Avenue Building & Loan Ass'n v. Huber, 286 Ill. 375; People v. Callopy, 358 Ill. 11), and if the rules were here applicable, any order of the court made without compliance might be set aside.

■■ The first question to be determined here is as to whether the defendant in this case was entitled to any notice whatsoever. It is admitted that the appearance was filed one day late. It is the law that "a party defendant is usually accorded the right to appear at any time, either before or after judgment, so long as there are any proceedings in which he has any rights or interests to protect, and avail himself of all the rights he would otherwise have except those dependent on the time of his appearance" (6 C.J.S. Appearances, Sec. 8); and an appearance filed late would give the court jurisdiction of the person of the defendant. The rules of the County Court provided that where an appearance is on file notice must be given to the opposite party, and it is further provided that a defendant who is in default for failure to appear is not entitled to notice. Apparently the plaintiff construed this rule as requiring notice to be given to the defendant even though his appearance was filed late, before a default could be entered. We believe that that is the proper construction of the rule. The fact that the appearance was filed late does not mean that it can be completely disregarded. If it had been intended that such would be the case, the rule could have so stated.

■ Plaintiff's affidavit proving service was not in substantial compliance with the rule. The affidavit stated that the affiant placed a true and correct copy of the notice in a properly addressed envelope. The rule provides that the proof of service must be by an affidavit which shall state the complete address which

492

appeared on the envelope. The fact that the notice to which the affidavit of proof of service is attached contains the correct address of the defendant does not aid the defective affidavit. The address set out in the notice itself cannot by implication be construed as a part of the affidavit.

The plaintiff questions the power of the court to set aside a default judgment after 30 days on the showing made in defendant's motion and affidavits. In Paramount Paper Tube Corp. v. Capital Engineering & Manufacturing Co., 11 Ill.App.2d 456, where a question was raised with reference to the late filing of an answer, where the defendant first appeared to vacate the default and judgment after execution had been served upon him a year and a half later, this court said:

"Many decisions are cited by the parties to this cause relating to proceedings of this character, but as we said in Lichter v. Scher, 4 Ill.App.2d 37, 123 N.E.2d 161, all these must be reconsidered in the light of Ellman v. DeRuiter (1952), 412 Ill. 285, 106 N.E.2d 350, reviewing a decision of the Appellate court, first district, 344 Ill. App. 557. In that case our Supreme court had before it a situation corresponding in its substantial aspects to the case at bar. It appears that process had been served but the defendant, through mistake or misunderstanding as to the return day of the summons, failed to file his appearance on time. Default was taken and an ex parte judgment was entered at the same time the plaintiff was negotiating with the defendant for settlement. The defendant was not informed of the judgment until more than 30 days after its entry. The trial court granted a motion to vacate the judgment. On appeal, the Appellate Court held that the failure to advise the court of certain other proceedings which had a bearing on the question and of the fact that a firm of attorneys had procured

a copy of the complaint in the defendant's behalf was not concealment of such facts as would have precluded the court from entering the default judgment. The court also said that the error of a docket clerk employed by the defendant's attorney was no ground for the vacation of a judgment, since no act or omission of the adverse party had contributed to the error. The Appellate court then held that however lacking in fairness the plaintiff's counsel's conduct may have been, it was not ground for vacàting the judgment, as a petition of that sort was not addressed to the equitable powers of the court. The Supreme court reversed the Appellate court and laid down the principle that the common law restrictions on a motion of this character were no longer applicable; that while the Civil Practice Act has not effected a complete amalgamation of practice and procedure in common law and suits in equity, there has been a fusion sufficient to enable a court of law, when the occasion demands it, to apply equitable principles in determining whether relief should be granted in such proceedings. The Supreme court thought that on that basis it was 'within the spirit of the Civil Practice Act, and within the scope of the function of the motion which has replaced the writ of error coram nobis, that defendant be given summary relief in this proceeding.' In the opinion which this division rendered in Lichter v. Scher, supra, we referred to the great impact of the decision in Ellman v. DeRuiter, and to the many instances in which it had already béen cited, which have since multiplied. It would serve no purpose to repeat our views.

". . .

"Other points are made by plaintiff and cases cited in support, but they are so inconsonant with the views expressed by the court in the Ellman case that we can no longer consider them persuasive. . . ."

In Admiral Corp. v. Newell, 348 Ill. App. 180, the court again follows the rule laid down in Ellman v. DeRuiter, supra. The appearance filed in that case violated section 20 of the Civil Practice Act [Ill. Rev. Stats. 1951, Ch. 110, § 144] because it failed to state the address of the attorney at which notice of motion could be served in person or to which it could be mailed. The plaintiff mailed a notice to the attorney but the affidavit of service did not disclose any address to which the notice was mailed nor contain any recital that postage was prepaid, and the court held that the proof of service was not in compliance with the rules of court, and said:

"While the practice of filing an appearance by an attorney, without stating an address, is not to be sanctioned or encouraged, we cannot say in the instant case that the failure to state an address, as required by the rule, was intentional. However, when one seeks a judgment by default, which could result in the seizure of property, and in the instant case involved garnishment of a bank account, it is imperative that substantial compliance be had with the rules mentioned as to notice for a default and judgment. It is clear to us that had the court been apprised, at the time it entered judgment by default, of the failure of compliance with the rules referred to in the service of the notice for such a judgment, it would not have entered the judgment. Under these circumstances, defendant's motion in the nature of a writ of error coram nobis should afford the relief sought and is fully justified by the rule announced in Ellman v. DeRuiter, 412 Ill. 285 . . . ."

We are of the opinion that under the rule laid down in Ellman v. DeRuiter, supra, the trial court had before it a sufficient petition upon which it might have based an order vacating the default and judgment previously entered. If the court had known of the failure

to comply with the rule governing the service of notice and motion it would not have entered the default and judgment. The court should have sustained the petition and taken affirmative action thereon.

A rule of the County Court (Rule 6, Sec. 6) also provides that an order of default or judgment by default will not be set aside unless the failure of appearance by defendant which had occasioned the default was not due to any lack of diligence on his part. The statement of the defendant in his affidavit, which stands admitted, that he was informed by the attorney representing the plaintiff that no action would be taken in the case until the defendant had been contacted by him, together with the fact that the petition was filed promptly after execution had been served, was a sufficient showing of diligence to bring the defendant within the rule. It is, of course, true that the defendant might by an inspection of the records have determined that a judgment had been entered against him, but this court must take into consideration the conditions under which attorneys work in practicing in a metropolitan center such as Chicago with its multiplicity of courts and administrative agencies. There is nothing in the record before us which would indicate that giving the defendant his day in court and a right to present his defense would result in any injustice to the plaintiff.

There also was in force a rule of the County Court (Rule 6, Sec. 8) which provided that when any application to set aside a default judgment is sustained the court may in its order open such judgment, grant leave to the defendant to plead, and direct that the judgment shall stand as security for the plaintiff's demand and execution thereunder be stayed until further order of the court. The order of the County Court of Cook County denying the motion to vacate the judgment is reversed, and the cause is remanded

with directions to the trial court to enter an order to open the judgment, grant leave to the defendant to plead, and direct that the judgment shall stand as security for the plaintiff's demand and that execution thereunder shall be stayed until further order of the court, and assess against the defendant a reasonable attorney's fee to be paid to the plaintiff as a condition for the entry of such order.

Reversed and remanded with directions.

ROBSON, P. J. and SCHWARTZ, J., concur.