**Lois Rossten, Appellant, v. Frank Wolf and Anna
Wolf, Appellees.**

**Gen. No. 47,115.**

First District, First Division.
June 19, 1957.
Released for publication October 4, 1957.

George A. Behling Jr., of Chicago, for appellant.

Edward L. Kerpec, for appellees.

JUDGE McCORMICK delivered the opinion of the court.

The plaintiff, Lois Rossten, takes this appeal from an order of the Superior Court of Cook county vacating a default judgment entered against defendants, Frank and Anna Wolf, and allowing defendants to appear and plead to the complaint.

The plaintiff filed a suit against the defendants for damages for personal injuries suffered by her as a result of the alleged negligent operation of a motor vehicle by Anna Wolf while she was acting as agent for Frank Wolf. Summons was issued, and the return of the sheriff of Cook county was that he had served both Anna and Frank Wolf on March 7, 1956 by leaving a copy of the summons with a Mrs. B. Coddington, daughter, at their usual place of abode and by mailing copies of the same to the defendants. On May 3, 1956 both defendants were defaulted for failure to appear. On May 28, 1956 the plaintiff proved up her case and judgment was entered against both defendants in the sum of $2,000 with a special finding of willful and wanton negligence against the defendant Anna Wolf.

On August 7, 1956 the defendants presented a motion to the court to set aside the judgment theretofore entered, and to grant leave to the defendants to file their appearance and answer to the complaint within a time to be fixed by the court. In support of the motion the defendants presented affidavits of Betty Coddington, Frank Wolf and Anna Wolf. The affidavit of Betty Coddington alleged that she was a resident of Battle Creek, Indiana; that she is the daughter of Frank Wolf and the sister of defendant Anna Wolf; that on March 7, 1956 she was visiting the home of her parents and sister at 10555 South 81st Avenue, Palos Park, Illinois; that at no time was she a member of the household of Frank Wolf and Anna Wolf; that the sheriff served her with summons and she retained the said summons until on or about July 4, 1956; that at no time had she delivered or conveyed the contents of the summons to her father or her sister prior to July 4th. The

affidavits of both Frank and Anna Wolf alleged that at no time had they or either of them been served with summons in the said suit either by personal, substituted or mailed service, and they both set up a meritorious defense. No counteraffidavits were filed. Hearing was had on the motion on August 7, 1956, and the court entered the following order:

"This cause coming on to be heard on defendants' petition to vacate and set aside judgment heretofore entered herein, and for leave to file the appearance of defendants and Edward L. Kerpec as their attorney, and the court being advised:

"It is hereby ordered that leave be and the same is hereby given defendants to file their appearance herein; that Edward L. Kerpec file his appearance as attorney for defendants; the motion to quash service be and the same is hereby denied; that judgment heretofore entered on May 28, 1956 be and the same is vacated, set aside and held for naught; that defendants file pleadings to the complaint within ten days (10 days)."

The plaintiff appeals only from the portion of the order which provides that the judgment be vacated and the defendants be given leave to appear and plead to the complaint. Her contention is that since the order of the court denied the "motion" to quash service it must be implied that the court considered the service to be valid and effective and disbelieved all of the affidavits submitted on behalf of the defendants, and that therefore the motion made by the defendants, under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1955, chap. 110, par. 72), could not be sustained since the court could not refuse to quash the service and at the same time vacate the judgment and permit the defendants to appear and defend.

██ The argument of the plaintiff to have that portion of the order refusing to quash service stand, and to reverse the portion of the court's order vacating the

325

judgment and permitting the defendants to appear, is highly technical. In the motion made by the defendants they did not pray that the summons be quashed. They only prayed that the judgment be vacated and they be given opportunity to appear and defend. In their affidavits they based their right to relief upon the fact that there had been no proper service made upon them. The court could have properly ordered that they be granted leave to appear and defend without any mention of whether or not the service should be quashed. The statement in the order denying the motion to quash the service is surplusage, as the record does not indicate that any such motion was before the court.

■■ As we said in Lichter v. Scher, 11 Ill.App.2d 441, "in a case in which default has been entered and there has been no trial on the merits, the judgment itself is based on the technique of procedure and is subject to careful scrutiny." The only issue before us is whether or not the court was justified upon any basis appearing in the record in entering the order from which this appeal is taken. We must indulge in all reasonable presumptions based on the record that the business and proceedings in the trial court were in accord with the law and rules of the court.

[4–6] In the case before us the affidavit made by the defendants and Betty Coddington were not controverted by counteraffidavits, nor did the plaintiff file a motion to strike. The statements contained in the affidavits must be taken as true. Lane v. Bohlig, 349 Ill. App. 487. While we cannot tell what the trial judge had in mind, it is possible that he concluded that the service was not valid and consequently, in accordance with the prayer in their motion, that the defendants might be allowed to appear and plead, and inadvertently signed an order containing a denial of a nonexistent motion to quash. In such a case the order of the court was a proper order. On the other hand, the

trial judge might have believed, mistakenly or not, that the party served could legally be considered a member of the family of the defendants and also believed that the defendants had no knowledge of such service until after the entry of the judgment against them and that Betty Coddington had not given them the summons nor informed them that it had been served upon her, in which case the order also would be proper. While it is the law that if substituted service is made in strict compliance with the statute the service is not rendered void because a member of the family who has been properly served has failed to inform the defendants of that fact (72 C.J.S. Process, sec. 43), nevertheless, under the rule laid down in Lichter v. Scher, 4 Ill.App.2d 37, and cases cited therein, a motion pointing out such facts might be properly considered an appeal to the equitable powers of the court. In the Lichter case the court discusses the rule of law applicable to motions of this character and says:

"All prior decisions relating to proceedings of this character must now be reconsidered in the light of Ellman v. De Ruiter, 412 Ill. 285, 106 N.E.2d 350 (1952). In that case process had been served but the defendant, through mistake or misunderstanding as to the return day of the summons, failed to file his appearance on time. Default was taken and an ex parte judgment was entered at the same time that the plaintiff was negotiating with the defendant for settlement. The defendant was not informed of the judgment until more than thirty days after its entry. The court held that the proceeding was in the nature of a suit in equity; that while the Civil Practice Act has not effected a complete amalgamation of the practice and procedure in common law and suits in equity, there has been a fusion sufficient to enable a court of law, when the occasion demands it, to apply equitable principles in determining whether relief should be granted in such proceedings. The court decided that it was

327

'within the spirit of the Civil Practice Act, and within the scope of the function of the motion which has replaced the writ of error coram nobis, that defendant be given summary relief in this proceeding.'

"The impact of the dicision in Ellman v. De Ruiter, supra, was felt immediately on the civil procedure of this state. It has already been cited three times as controlling precedent on cases in point. . . . [Citing Tomaszewski v. George, 1 Ill.App.2d 22, Admiral Corp. v. Newell, 348 Ill. App. 180; and Schnable v. Tuma, 351 Ill. App. 486.] The net effect of those decisions was to carry out in differing factual situations the holding of the Ellman case.

"In Lane v. Bohlig, 349 Ill. App. 487, 111 N.E.2d 361 (1953) the Third Division of this court held that to deny a motion similar to that made by defendant in the instant case, without holding a hearing or requiring the plaintiff to answer by counter-affidavits, was error in view of uncontroverted statements in affidavits in support of said motion."

See also Moore v. Jones, 12 Ill.App.2d 488, and Paramount Paper Tube v. Capital Engineering, 11 Ill. App.2d 456.

■ The order of the court vacating the judgment and permitting the defendants to appear and defend was a proper exercise of the equitable powers of the court under the rule laid down in Ellman v. De Ruiter, 412 Ill. 285. The order of August 7, 1956 of the Superior Court of Cook county vacating its judgment of May 28, 1956 and permitting the defendants to appear and defend is affirmed.

Order affirmed.

ROBSON, P. J. and SCHWARTZ, J., concur.