Lydia Flores, a Minor, by Manuel Flores, Guardian of Her Estate, Appellee, v. Jack Spot Inn, Inc., Appellant.

Gen. No. 47,238.

First District, First Division.

March 10, 1958.

Released for publication May 6, 1958.

1

Charles D. Snewind, of Chicago, for appellant.

David Alswang, and Alexander J. Reiff, of Chicago (David Alswang, of counsel), for appellee.

PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment for $15,000 in favor of plaintiff Lydia Flores and against defendant Jack Spot Inn, Inc. in a suit under the Dramshop Act. This is the third time the matter has been in this court. The suit was formerly entitled Lichter v. Scher, 4 Ill. App.2d 37, 123 N.E.2d 161; 11 Ill.App.2d 441, 138 N.E. 2d 66. The principal questions involved concern the validity of the service of summons and the retroactive effect of the 1949 amendment as it relates to the limitation on damages recoverable in dramshop cases. As these questions were discussed and decided in our previous opinions, we will here limit ourselves to a summary of the past proceedings and to a brief examination of certain additional arguments now made.

The original complaint contained two counts. In the first count Lichter as plaintiff alleged that he had been married to Nancy Lichter; that Jack Spot Inn, Inc. and three other defendants, Phil Scher and Morris

Petchersky, d. b. a. P. M. Liquor Store, and Leonard A. Bauer, d. b. a. Better Value Liquor Store, had sold liquor to Nancy Lichter and that her death resulted therefrom, whereby Lichter was deprived of her services and sought damages in the sum of $25,000. Count II alleged that Lydia Flores was a minor child of Nancy Lichter and was dependent upon her mother for service and support. It alleged that an action had accrued to her for the sum of $25,000. Lichter was dismissed as plaintiff on September 14, 1951, and the cause proceeded with Lydia Flores by her guardian Manuel Flores as sole plaintiff.

Summons against Jack Spot Inn, Inc. (defendant) was returned by the sheriff as served on one Wakefield, a bartender employed in the dramshop of defendant. No appearance being filed, defendant was defaulted and on December 13, 1951, the jury was waived, the court heard the evidence, assessed damages at $25,000 and entered judgment. The record shows no action as to the other defendants, and all the proceedings that follow involve only Jack Spot Inn, Inc.

On September 16, 1953, defendant filed a petition supported by affidavits and moved to set aside and vacate the judgment. On October 23, 1953, the petition was amended. The amended petition alleged that the return of the sheriff was false and untrue, that defendant had no notice of the pendency of the suit nor of the judgment entered against it, denied that defendant sold intoxicating liquors to the deceased which in whole or in part caused her alleged intoxication, and alleged that the deceased came to her death by poison self-administered. A motion to strike the petition was sustained and the petition was dismissed. From that order an appeal was taken to this court.

Upon the first appeal we reversed the order of the trial court and remanded the cause with directions to overrule the motion to strike and to rule on plaintiff

3

to answer the petition (Lichter v. Scher, 4 Ill.App.2d 37). Upon remandment plaintiff answered the petition, and issue being joined the court heard the evidence and found that service had been had on a proper agent of Jack Spot Inn, Inc., denied the petition, and permitted the judgment to stand. An appeal was taken from that order, and the various points made by defendant and now reiterated on this appeal were there made as follows:

The default judgment was in excess of the limitation of the Dramshop Act as amended in 1949.

The default order and judgment were automatically vacated by the amendment of pleadings and process after default, by the waiver of jury, and by the amendment of the judgment.

Wakefield was not an agent of defendant.

The finding that Wakefield was served with summons is not supported by the evidence.

In Lichter v. Scher, 11 Ill.App.2d 441, we found against defendant on all points except that the amendment to the Dramshop Act (Ill. Rev. Stat. 1955, ch. 43, par. 135) effective August 10, 1949, was applicable and that recovery was limited to $15,000, and we reversed and remanded the cause.

We remanded in order to have a proper record in the trial court of the reduced judgment because of a suit brought in chancery by plaintiff against The Trust Company of Chicago (which had title to the leased premises pursuant to a trust indenture) and the beneficiaries of the trust (Lydia Flores v. The Trust Company of Chicago, Gen. No. 46620), wherein a decree had been entered finding the judgment for $25,000 to be a first lien on the premises occupied by the dramshop and directing sale of the property in due course if the judgment was not paid. From this The Trust Company of Chicago and co-defendants appealed to this court. While that appeal was being held pending

the decision in the instant case, the judgment against Jack Spot Inn, Inc. was reduced to $15,000 pursuant to our remandment and this third appeal was taken. Substantially the same questions being involved in both cases, by stipulation of the parties made in open court the hearing was jointly held. All points have been discussed and decided in the two previous opinions (Lichter v. Scher, 4 Ill.App.2d 37, and 11 Ill. App.2d 441).

██ Plaintiff cites People v. Bilderback, 9 Ill.2d 175, decided since our last decision (11 Ill.App.2d 441), which he argues is conclusive on the point that the 1949 amendment cannot be retroactively applied to limit the amount of damages. Defendants in both cases reply that People v. Bilderback is not in point. Defendants in the chancery suit make the further point that the reversal by this court of the judgment in Lichter v. Scher, 11 Ill.App.2d 441, was reviewable by the Supreme Court (Nye v. Nye, 411 Ill. 408, 414; Morris v. Beatty, 390 Ill. 568, 575) and that plaintiff, having failed to petition for leave to appeal, judgment should be summarily confirmed without reconsideration of the questions passed upon in the previous appeal. We concur in the point made that the judgment of this court was final and reviewable and that plaintiff could have appealed therefrom. However, we will consider the further argument plaintiff now makes.

██ Plaintiff contends that our conclusion that the amendment of 1949 is retroactive rests on the proposition that the Dramshop Act is penal, and that in People v. Bilderback, supra, in which a statute amending a section of the criminal code was involved, the Supreme Court refused to apply the amendment retroactively. No law, he argues, can be more penal than a criminal statute. The Bilderback case is not in point. The offense consisted of committing an assault in connection with an attempt to escape from prison. At the time

of the offense, escape was a felony and therefore assault with intent to commit a felony was itself a felony. This was the offense with which the defendant was charged. After commission of the offense, the statute was changed so that attempt to escape was made a misdemeanor. The defendant sought to have the statute given retroactive application. If so applied, the charge against him would have stated no crime at all. The Supreme Court pointed out that such a result would be to impute to the legislature an intention to enact a general statute of amnesty for those who had committed such a crime, and this the court concluded was not the legislative intent.

While the Bilderback case is not in point, we desire to make clear that our former decision did not rest on the ground that the Dramshop Act is solely a penal statute. It is unique, being a compound of the disciplinary, regulatory and penal, and no vested interest can accrue under such a law. It is unlike any other statute relating to civil actions. It creates procedures and liabilities unknown in any other field. These have been sustained by the courts on the basis of complete control by the state of the liquor traffic and its power to prohibit or destroy the business, so that what would be considered a clear violation of due process with respect to other enterprises is held lawful with respect to this business. This is clearly revealed by the opinion of the Federal Supreme Court in Eiger v. Garrity, 246 U. S. 97, 102–3, where the court held that the state may consistently with due process entirely prohibit the rental of premises for the sale of liquor, and that the Dramshop Act of Illinois is valid to meet the evil consequences likely to follow from the liquor traffic.

In addition to the Bilderback case, supra, plaintiff has cited an article entitled "Judicial Limitations on Retroactive Legislation" (Ray H. Greenblatt) 51 Northwestern University Law Review 540, November-December 1956. This article reviews the origin and

6

nature of the doctrine against retroactive application. The author's conclusion, among other things, is that in recent years the number of cases in which the doctrine has been applied has dwindled and "the blanket condemnations traditionally heaped upon retroactive legislation have been largely replaced by statements that retroactivity as such is not an infirmity." The test he suggests applicable to our current situation is that

"[w]here a statute has become a likely basis for substantial reliance by people who may have changed their positions to reap its benefits, the policy against retroactive change is strong. . . . Nevertheless, there are types of laws which would not precipitate changes in behavior even if they were widely known. Most tort law and practically all internal court law falls within this category. There is usually little danger of defeating reasonable expectations where statutes modifying such law are applied retroactively."

Certainly in the instant case no act of Nancy Lichter's which resulted in her death was induced by consideration of the Dramshop Act.

█ Except for the fact that we consider the amendment to be a matter of substance and not of procedure, this case is in our opinion similar to Orlicki v. McCarthy, 4 Ill.2d 342. The same matters which persuaded the court in that case exist in the instant case, except as to the distinction between procedure and substance. With respect to actions under the Dramshop Act this distinction is not, in our opinion, material.

As in the Orlicki case, no vested interest is involved and therefore the so-called "saving act" does not govern this case. As in the Orlicki case, the legislative intent was clearly demonstrated by the language of the statute and by the evils it sought to prevent. These were discussed fully in our opinion on the second appeal. We desire to add this further comment with

7

respect to legislative intent. The 1949 amendment provides that "recovery under this act . . . shall not exceed $15,000." Recovery is defined as the "procuring a former right by the judgment of a court of competent jurisdiction; as, for example, when judgment is given in favor of the plaintiff when he seeks to recover a thing or a right." Cyclopedic Law Dictionary (1922) p. 862. In Webster's New International Dictionary, 2nd Ed., Unabridged, under the subtitle "Law," recovery is defined as the "obtaining in a suit at law of a right to something by a verdict, decree, or judgment of court, especially by the final one deciding the issues involved; . . ." Literally construed, the language of the statute would be clearly applicable to any judgment entered after the effective date of the Act, and there is nothing in the statute to indicate a contrary intention by the legislature.

To summarize our conclusions on the three appeals:

1. The default judgment was in excess of the limitation imposed by the 1949 amendment to the Dramshop Act, and said amendment is applicable thereto. The judgment, however, was void only to the extent of the excess and was subject to reduction to the amount prescribed by the amendment.

2. The various points made by defendant which it contended automatically vacated the default and judgment, including the amendment to the complaint, pleadings and process, waiver of jury, and amendment of judgment, did not constitute a vacation of the default and judgment.

3. Whether Wakefield was an agent of defendant was an issue of fact on which defendant was entitled to a hearing, and the trial court having held a hearing pursuant to our decision on the first appeal, and having found that Wakefield was such an agent, that finding being supported by adequate evidence should not be disturbed.

8

Judgment having been reduced to conform with the limitation of the statute is now affirmed.

Judgment affirmed.

McCORMICK and ROBSON, JJ., concur.